STEVE MYHRE
Acting United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
Nevada Bar No. 13760
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6586
FAX: (702) 388-5087
cristina.silva@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>BRIAN JOHNSON (aka Iordan Arabadieu),<br><br>　　　　　　Defendant. | 2:10-cr-00216-APG-VCF<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR TEMPORARY RELEASE (Doc. #146) |

The United States of America, by and through STEVE MYHRE, Acting United States Attorney, and Cristina D. Silva, Assistant United States Attorneys respond in OPPOSITION to Defendant BRIAN JOHNSON (aka Iordan Arabadieu) *Motion to for Temporary Release Based on Medical Necessity* (Doc. #146) (hereinafter "Motion). The defendant has failed to meet the requirements of 18 U.S.C. § 3143 that would justify reopening his detention hearing. Accordingly, defendant's Motion should be denied.

…

…

…

## I. RELEVANT PROCEDURAL HISTORY

A federal grand jury returned a true bill on May 18, 2010, charging the Defendant BRIAN JOHNSON (aka Iordan Arabadieu) with a number of criminal violations. Specifically, the defendant was charged with the following: (1) Title 18, United States Code, Section 1029(a)(3) - Conspiracy to Commit Offenses Against the United States; (2) Title 18, United States Code, Sections 1029(a)(1) and 2, *Trafficking in, Production of, and Use of Counterfeit Access Devices* and *Aiding and Abetting*; (3) Title 18, United States Code, Sections 1029(a)(3) and 2, *Possession of Fifteen or More Counterfeit and Unauthorized Access Devices* and *Aiding and Abetting*; (4) Title 18, United States Code, Sections 1028A(a)(1) and (c)(4) and 2, *Aggravated Identity Theft* and *Aiding and Abetting*; and (5) Title 18, United States Code, Sections 1028A(a)(1),(c)(4) and 2, *Aggravated Identify Theft* and *Aiding and Abetting*. *See* Doc. #1.

The Defendant made his initial appearance on December 12, 2016. *See* Doc. #136. A detention hearing was held on the same day. *Id.* The Defendant was ordered detained after the Court made the following findings:

> "The defendant declined to interview with Pretrial Services and, therefore, the Court is lacking a great deal of information regarding his background and current circumstances that could potentially assist the Court in fashioning conditions. Additionally, the defendant is transient and has no residence. The defendant has a prior conviction in Arizona for the same type of conduct for which he is charged in this Indictment. There is a warrant from Arizona for a probation violation on that case. The Government proffers that the defendant was arrested in the Czech Republic in 2011 and sentenced to five years for the same type of offense. The Indictment alleges a lengthy conspiracy regarding aggravated identity fraud and access device fraud."

Doc. #142.

2

On March 22, 2017, the Defendant filed a motion for temporary release from custody based upon medical necessity. Doc. #146. The Government files this timely response in opposition to the motion.

## II.     BRIEF SUMMARY OF FACTS

An investigation revealed that, since 2008, the Defendant BRIAN JOHNSON (aka Iordan Arabadieu), and his co-defendants, utilized complex fraud schemes to target automobile manufacturers and financial institutions in the United States, as a money making venture for their criminal enterprise. At the time of the indictment, Johnson and his co-conspirators had caused more than $1.6 million in losses from the fraudulent purchase of vehicles in the Las Vegas area.

## III.     ARGUMENT

The defendant has not satisfied the threshold of presenting new information sufficient to justify a reconsideration of this Court's previous pre-trial order detaining him pending trial. Title 18, United States Code Section 3142(f) provides, in relevant part, that in order for the defendant to request the re-opening of a detention hearing, there must be new information which was ". . . not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such a person as required and the safety of any other person and the community." *Id.* Generally, once a detention hearing is reopened, "it is reopened for the purpose of the court's receiving any information, within reason, not submitted at the original detention hearing." *United States v. Barksdale*, 2008 WL 2620380, n. 3 (E.D. Cal.). This allows new information to be considered in context. *Id.*

Here, the Government met its burden, by clear and convincing evidence, that the defendant is a danger to the community and a risk of nonappearance at Court proceedings and should be detained accordingly.[1] The Government met that burden based on the facts of the underlying, together with the fact that the defendant refused to interview with pre-trial services, thereby giving this Court no information to consider regarding his personal history, employment history, or any other factor set forth in 18 U.S.C. § 3142.

The defendant moves this Court to re-open his detention hearing and argues for temporary release asserting medical necessity. *See generally* Doc. #146. The undersigned received information from the United States Marshals Service Medical Director.  The Director advised that the facility (the Southern Nevada Detention Center, "SNDC") submitted a request for an abdominal ultrasound (which includes ultrasound of the gallbladder), which was approved on January 30, 2017.  The scan was completed on February 14, 2017. The facility physician reviewed the ultrasound. On March 6, 2017, the facility physician decided to manage the situation conservatively with dietary modification and re-evaluate in 6 weeks.

It is unclear where Defendant obtained information that he needed gallbladder surgery, or that the facility would not conduct the surgery. While surgery *might* be necessary down the road, it appears from the information provided by the Marshal's service that the Defendant is being properly evaluated and cared for as he has been evaluated by a doctor, received an ultrasound, and a non-surgical course of action has

---

[1] *See* Doc. #142, Order of Detention.

4

been prescribed.

As a result, Defendant's motion fails to present information sufficient to justify a reconsideration of this Court's previous pre-trial order detaining him pending trial. Consequently, defendant's motion should be denied.

### IV.  CONCLUSION

The United States respectfully requests that the Court deny the defendant's motion for temporary release (Doc. #146).

DATED this 27th day of March, 2017.

Respectfully submitted,

STEVE MYHRE
Acting United States Attorney


    //s//
CRISTINA D. SILVA
Assistant United States Attorney

5

**CERTIFICATE OF SERVICE**

I, Cristina D. Silva, certify that the following individual was served with a copy of the foregoing on this date by the below identified method of service:

*Electronic Case Filing*
Osvaldo E Fumo, Esq.
Dustin R. Marcello, Esq.
601 Las Vegas Boulevard, South
Las Vegas, NV 89101

DATED:     March 27, 2017

                                            //s//
                                  CRISTINA D. SILVA
                                  Assistant United States Attorney